IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE LARKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-2394-CM |
| | ) |
| LIVE NATION MARKETING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Michelle Larkin brings this negligence claim against defendant Live Nation Marketing, Inc. Plaintiff's claim arises from an October 17, 2006 incident where plaintiff fell while attending a concert at Verizon Wireless Amphitheater in Bonner Springs, Kansas. This matter is before the court on defendant's Motion for Summary Judgment (Doc. 61). Defendant argues summary judgment is appropriate because plaintiff cannot make a *prima facie* case as to duty, breach, and causation. Also before the court is plaintiff's Cross-Motion for Sanctions (Doc. 70).[1] Plaintiff asks the court to disregard specific facts because defendant failed to timely disclose them. For the below reasons, the court grants defendant's summary judgment motion and denies plaintiff's cross-motion for sanctions.

**I.     Factual History**

    **a.   Plaintiff's Injury**

Plaintiff attended a concert at Verizon Wireless Amphitheater on October 17, 2006. On her way to the restroom, she walked across a grassy area and slipped and fell.

---

[1]    Defendant has not moved for sanctions, so it is unclear why plaintiff labeled her request a "cross-motion."

### b. Live Nation Marketing, Inc.

Defendant is a subsidiary of Live Nation Entertainment and is responsible for Live Nation Entertainment's sponsorship business. Defendant entered a contract with Verizon Wireless to have the name, Verizon Wireless, in the title of venues that Live Nation Entertainment may operate in Kansas and in other locations in the United States. Defendant's only affiliation with the Verizon Wireless Amphitheater is the contractual agreement with Verizon Wireless. Defendant has never had any operational role with respect to the Verizon Wireless Amphitheater.[2]

### c. Procedural History

The parties exchanged initial disclosures on February 19, 2010. Defendant's initial disclosures identify Richard Munisteri, senior vice president and associate general counsel for Live Nation Entertainment, as an individual who might have knowledge regarding liability. On the same day, defendant amended its answer to assert as an affirmative defense that defendant was not a proper party to this action.

Nearly four months later, and only two months before the close of discovery, plaintiff served her first document requests and a deposition notice of defendant. Plaintiff never served any interrogatories. Defendant responded to plaintiff's document requests on July 26, 2010, and informed plaintiff that defendant "did not own, occupy, or possess" the Verizon Wireless Amphitheater on the date of plaintiff's injury. Defendant further responded that "Contemporary Group Acquisition Corp.

---

[2] Plaintiff attempts to controvert paragraphs 33-38 and 40-46 in defendant's statement of undisputed facts. (Doc. 70 at 5-9.) But plaintiff fails to cite any record evidence to support her position. Plaintiff also argues that some of defendant's facts are legal conclusions. Plaintiff's attempt to controvert facts in this manner fails to comply with Federal Rule of Civil Procedure 56(c) and District of Kansas Rule 56.1. Therefore, the facts in these paragraphs are deemed admitted for purposes of summary judgment. *See Williams v. Potter*, 331 F. Supp. 2d 1331, 1336 n.1 (D. Kan. 2004) (deeming facts admitted because plaintiff's opposition failed to cite portions of the record upon which she relies). The remaining facts that plaintiff controverts are not material to the court's findings.

operated the premises identified in [p]laintiff's petition" on October 17, 2006.[3]  In response to the deposition notice, defendant identified Mr. Munisteri as defendant's corporate representative. Plaintiff took Mr. Munisteri's deposition on April 18, 2011, which was over eight months after the close of discovery.

## II. Legal Standards

### a. Summary Judgment Standard

Summary judgment is appropriate when the moving party demonstrates that (1) there are "no genuine issues of material fact," and (2) it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### b. Initial Disclosure Standard

A party must disclose witnesses, documents, electronically stored information, and tangible things that the disclosing party may use to support it claims or defenses.  Fed. R. Civ. P. 26(a)(1)(A). The disclosing party must supplement these disclosures if the party learns the information disclosed is incomplete unless the other party already received the additional information.  *Id.* at 26(e).  A party that fails to comply with these obligations is not permitted to use such undisclosed evidence on a motion unless the failure is substantially justified or harmless.  *Id.* at 37(c)(1).

## III. Analysis

### a. Motion for Sanctions

The court first addresses plaintiff's motion for sanctions.  Plaintiff asks this court to preclude defendant from using "any information showing [defendant] was not involved in the control or

---

[3]  Contemporary Group Acquisition Corp. was a subsidiary of Live Nation Entertainment and dissolved on December 31, 2008.

management of the property in question." (Doc. 70 at 19.) Plaintiff argues this sanction is appropriate because defendant failed to disclose specific documents and information to plaintiff as required by Federal Rule of Civil Procedure 26(a)(1)(A).

Defendant's summary judgment motion includes several facts indicating that defendant was not involved in the control or management of Verizon Wireless Amphitheater. The majority of these facts are solely supported by the deposition testimony of Mr. Munisteri. Defendant identified Mr. Munisteri in its original initial disclosures as a person knowledgeable about liability. Because defendant properly identified Mr. Munisteri, it may rely on his deposition testimony for summary judgment.

The remaining facts plaintiff seeks to exclude are supported by defendant's discovery responses. The information supporting these facts was made known to plaintiff in writing during the discovery process. Because plaintiff already received this additional information through discovery, defendant did not have an obligation to supplement its initial disclosures with it. *See* Fed. R. Civ. P. 26(e) (indicating that a party need not supplement its initial disclosures if the information has been made known to the other party during the discovery process).[4]

Plaintiff makes several references to documents Mr. Munisteri identified in his deposition. But defendant is not relying on these documents to support any claim or defense. Accordingly, defendant was not required to disclose these documents as part of its initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring party to provide documents that it may use to support its claims or defenses).

Plaintiff also argues that defendant intentionally withheld information about defendant's lack of control of the property in order to prejudice plaintiff. But a review of the record contradicts

---

[4] In addition, even without the facts supported by defendant's discovery responses, there is ample support for the court's summary judgment ruling.

-4-

plaintiff's position. Defendant first notified plaintiff that it was not a proper party on February 19, 2010. On this same date, defendant identified Mr. Munisteri as a potential witness. Despite receiving this information, plaintiff waited over four months to take any discovery and never served an interrogatory. Defendant responded to plaintiff's document requests by expressly telling plaintiff that it did not own, occupy, or possess the property and by suggesting that Contemporary Group Acquisition Corp. was a potential defendant. Plaintiff then waited until eight months after the close of discovery to depose defendant's corporate representative, Mr. Munisteri. Given this factual record, plaintiff can hardly claim she is surprised by defendant's current motion. To the extent plaintiff suffers any prejudice, it is the result of her own failure to diligently conduct discovery, utilize available procedural mechanisms, and prosecute her case.

Based on the above arguments, plaintiff has not identified any undisclosed information defendant is relying on to prove defendant's lack of control over the property. Because plaintiff has identified no basis for imposing sanctions, the court denies plaintiff's motion.

### b. Motion for Summary Judgment

The court next turns to defendant's summary judgment motion. To recover for negligence under Kansas law, a plaintiff must prove the existence of a duty, breach of that duty, injury, and a casual connection between the duty breached and plaintiff's injury. *Honeycutt ex. rel. Phillips v. City of Wichita*, 836 P.2d 1128, 1136 (Kan. 1992).[5] In this case, defendant argues it is entitled to summary judgment because plaintiff cannot make a *prima facie* case of duty, breach, or causation. The court first determines whether defendant owed a duty to plaintiff. *See id.* ("Without a duty, there could be no breach which would support plaintiff's claim.") (internal citations omitted).

Generally, the occupier of land owes to invitees a duty of reasonable care under the circumstances. *Jones v. Hansen*, 867 P.2d 303, 310 (Kan. 1994). For this duty to exist, however, "the

---

[5]  The parties do not dispute that Kansas substantive law governs plaintiff's claims.

party charged must have had control over the premises in question." *Rogers v. Omega Concrete Sys., Inc.*, 883 P.2d 1204, 1208 (Kan. 1994). In other words, "a party may not be held responsible for a condition which he or she did not cause and which he or she has no ability to remedy." *Id.*; *see also Gragg v. Wichita State Univ.*, 934 P.2d 121, 130–31 (Kan. 1997).

Plaintiff's injury occurred while she was attending a concert at Verizon Wireless Amphitheater. Defendant's only affiliation with this property was a sponsorship agreement between it and Verizon Wireless that provided for the Verizon Wireless corporate name to be used in the title of the venue. There is no evidence that defendant had sufficient control over the property to remedy the conditions that plaintiff alleges caused her injury. Instead, the only evidence before the court suggests defendant never had any operational role at the property. Without any evidence of control, defendant did not owe a duty of reasonable care to plaintiff and cannot be liable to plaintiff for negligence.

Based on the record before it, even when drawing all reasonable inferences in favor of plaintiff, the court finds defendant did not owe a duty to plaintiff on the date of plaintiff's fall. Accordingly, defendant is entitled to judgment as a matter of law on plaintiff's negligence claim. Defendant's motion for summary judgment is granted, and the court need not address defendant's remaining arguments.

**IT IS THEREFORE ORDERED** that plaintiff's Cross-Motion for Sanctions (Doc. 70) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Summary Judgment (Doc. 61) is granted.

Dated at this 29th day of September, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge